# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

TERRY YOUNG,

    Petitioner,

Case No. 3:09-cv-370

-vs-

District Judge Walter Herbert Rice
Magistrate Judge Michael R. Merz

DEBORAH TIMMERMAN-COOPER,
  Warden,

    Respondent.

## ORDER

This habeas corpus case is before the Court on Petitioner's Motion to Stay a decision on the Magistrate Judge's Report and Recommendations pending Petitioner's application to the Sixth Circuit Court of Appeals for permission to file a successive petition.

On initial review of this case under Rule 4 of the Rules Governing § 2254 Cases, the Magistrate Judge noted that:

> [T]his conviction has been the subject of a previous petition for writ of habeas corpus, to wit, *Young v. Warden, Lebanon Correctional Institution*, Case No. 3:04-cv-375. That action was filed July 27, 2004, and resulted in a dismissal with prejudice January 21, 2005. No appeal was taken from that judgment.

(Report and Recommendations, Doc. No. 2, at 1.) The Report went on to hold that, because there had been a prior petition fully adjudicated, Petitioner needed permission of the Sixth Circuit before this Court could consider his successive petition. Petitioner is prepared to seek that permission and desires this Court to stay dismissal pending that application.

The language in 28 U.S.C. § 2244(b) requiring Court of Appeals permission is not completely clear. Section 2244(b)(3)(A) on its face seems to require that a petitioner "move" for permission in the Court of Appeals before the petition is "filed" in the district court, but does not literally require that the Court of

Appeals grant the motion before filing in district court. Section 2244(b)(3)(B) speaks of the Court of Appeals "authorizing the district court **to consider**" a successive petition, rather than authorizing the petitioner to file one. However, § 2244(b)(3)(C), (D), and (E) all speak of the Court of Appeals authorizing the **filing** of such a petition. In an attempt to read these sections consistently, a court might conclude it was bound to dismiss a petition filed without appellate permission and require that it be refiled if and when permission is obtained.

There is, however, a good substantive reason for not reading the language that restrictively. It might happen that a habeas petition would be timely under the statute of limitations contained in § 2244(d) when it was filed, but the time might run out while petitioner was waiting for Court of Appeals' permission to file. If that were the case, there would be good reason to allow the petition to pend while the Court of Appeals decides whether or not to grant permission for its consideration. While a district court lacks jurisdiction to **consider** a second or successive petition without approval by the circuit court, *Burton v. Stewart*, 549 U.S. 147 (2007), it would not seem to offend that ruling to allow the petition to remain on file for whatever importance that might have under the statute of limitations.

Accordingly, the Motion to Stay is GRANTED. Petitioner shall seek permission from the Court of Appeals not later than October 15, 2009, and shall keep this Court currently advised of the status of proceedings in the appellate court.

October 2, 2009.

s/ **Michael R. Merz**
United States Magistrate Judge

J:\Documents\Young habeas stay order.wpd